**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DENISE KITCHEN,** § | |
| **Individually and As Representative** § | |
| **of the Estate of GREGORY MAURICE** § | |
| **KITCHEN, DECEASED** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| vs. § | NO. _____ |
| **DALLAS COUNTY, TEXAS and** § | |
| **UNKNOWN DALLAS COUNTY** § | |
| **CORRECTIONAL OFFICERS** § | |
| § | |
| *Defendants.* § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW DENISE KITCHEN, Individually and as Representative of the Estate of GREGORY MAURICE KITCHEN, Deceased, Plaintiff, complaining of DALLAS COUNTY ("Dallas County"), and with this Complaint alleges as follows:

**I.**
**NATURE AND PURPOSE OF THE ACTION**

1.01   Plaintiff's decedent, GREGORY MAURICE KITCHEN, was incarcerated in the Dallas County Jail on or about January 22, 2010. GREGORY MAURICE KITCHEN was, at the time of his incarceration and death, in need of mental health treatment. GREGORY MAURICE KITCHEN was an honorably discharged Iraq war veteran with a known history of post traumatic stress disorder and recent psychotic episodes. Plaintiff alleges that the Defendant had a duty, but failed, to implement policies, practices and procedures that respected GREGORY MAURICE KITCHEN's constitutional rights to mental health treatment, access to courts, and freedom from punishment as a pretrial detainee, that the Defendants violated the statutory rights

of GREGORY MAURICE KITCHEN to be free of the use of excessive force and unlawful restraint and to receive appropriate services to accommodate GREGORY MAURICE KITCHEN's mental condition, and that the Defendant implemented and/or approved policies which deprived GREGORY MAURICE KITCHEN of necessary treatments and medications.

1.02     Plaintiff claims that the Defendant's failure to implement the necessary policies and the implementation of unconstitutional policies deprived GREGORY MAURICE KITCHEN of due process under the Fourteenth Amendment and caused him unwarranted and excruciating physical and mental anguish and death.

1.03     For these civil rights violations, Plaintiff seeks damages to compensate Plaintiff for her damages and the death of GREGORY MAURICE KITCHEN. Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988; the Fourteenth Amendment to the United States Constitution; Tex. Civ. Prac. & Rem. Code §§71.002 and 71.021 and other constitutional provisions and laws of the United States, to recover damages for the wrongful death of GREGORY MAURICE KITCHEN, while he was incarcerated in the Dallas County Jail, and for the deprivation of his rights under color of law and in violation of federal law.

## II.
## JURISDICTION AND VENUE

2.01     This court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 since Plaintiff is suing for relief under 42 U.S.C. §1983.

2.02     Venue is appropriate in the United States District Court; Northern District of Texas, Dallas Division, since Dallas County was the location of the events made the basis of this cause of action.

## III.
## PARTIES

3.01   Plaintiff, DENISE KITCHEN, resides in Dallas, Dallas County, Texas.

3.02   Defendant, DALLAS COUNTY, TEXAS, is a county of the State of Texas. Dallas County funds and operates the Dallas County Jail. Defendant, DALLAS COUNTY, TEXAS is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. Defendant Dallas County is also responsible for ensuring that all of its facilities, including the Dallas County Jail, are, in compliance with federal and state law, department or agency policies, rules, and regulations, and related standards of care. Defendant, DALLAS COUNTY, TEXAS, is the employer of certain Defendant UNKNOWN DALLAS COUNTY CORRECTIONAL OFFICERS and is responsible for the acts and/or omissions of such UNKNOWN DALLAS COUNTY CORRECTIONAL OFFICERS. Dallas County may be served by serving its County Judge, Jim Foster, Dallas County Administration Building, 411 Elm, 2nd Floor, Dallas, Texas 75202.

## IV.
## STATE ACTION

4.01   Defendants were at all times and in all matters herein material acting under color of state law when they subjected GREGORY MAURICE KITCHEN to the wrongs and injuries hereinafter set forth.

## V.
## FACTS PARTICULAR TO PLAINTIFF'S CLAIMS

5.01   GREGORY MAURICE KITCHEN was a 32 year old male army veteran who was incarcerated in the Dallas County Jail. GREGORY MAURICE KITCHEN had a known history of post traumatic stress disorder resulting from his war experience. On or about the afternoon of January 22, 2010, Defendant UNKNOWN DALLAS COUNTY CORRECTIONAL

OFFICERS observed that GREGORY MAURICE KITCHEN was suffering from an acute psychotic episode. On or about the afternoon of January 22, 2010, while GREGORY MAURICE KITCHEN was experiencing the acute psychotic episode, Defendant UNKNOWN DALLAS COUNTY CORRECTIONAL OFFICERS transferred GREGORY MAURICE KITCHEN to another jail cell. During such transfer Defendant UNKNOWN DALLAS COUNTY CORRECTIONAL OFFICERS sprayed GREGORY MAURICE KITCHEN with two (2) full one-second bursts of pepper spray. GREGORY MAURICE KITCHEN stopped breathing less than a minute after the second exposure to pepper spray. Defendant UNKNOWN DALLAS COUNTY CORRECTIONAL OFFICERS knew, at the time of spraying GREGORY MAURICE KITCHEN that pepper spray causes, among other things, temporary blindness, breathing difficulty and uncontrollable coughing. At the time of pepper spraying GREGORY MAURICE KITCHEN, Defendant UNKNOWN DALLAS COUNTY CORRECTIONAL OFFICERS also, with excessive and undue force, physically restrained him with an officer holding him around the neck and compressing his airways and an officer kneeling on his back throughout the restraint causing him to hemorrhage about the neck and stop breathing during the restraint and asphyxiate. Upon autopsy, GREGORY MAURICE KITCHEN's anterior neck was found to have hemorrhage to various muscles consistent with excessive and traumatic restraint by Defendant UNKNOWN DALLAS COUNTY CORRECTIONAL OFFICERS, interfering with his breathing and causing asphyxia and death.

## VI.
## CAUSES OF ACTION

6.01   Plaintiff re-alleges paragraphs IV and V, inclusive, with regard to all causes of action.

6.02   Pursuant to the terms of §71.002, *et seq.,* Tex. Civ. Prac. & Rem. Code,

Plaintiff DENISE KITCHEN has a right of recovery for her losses due to the wrongful death of her husband GREGORY MAURICE KITCHEN.

6.03    Pursuant to the terms of §71.021, *et seq.,* Tex. Civ. Prac. & Rem. Code, GREGORY MAURICE KITCHEN's right of recovery for personal injuries, pain and suffering, mental anguish, medical expenses, and other damages he could recover in his own right were he alive survives to the benefit of his heirs.

6.04    The Defendant had actual notice of the injuries to GREGORY MAURICE KITCHEN, and of the death of GREGORY MAURICE KITCHEN.  Any conditions precedent have occurred, been performed, or have been waived.

6.05    No estate is necessary and none is pending.  All lawful heirs are parties to this lawsuit.  Plaintiff DENISE KITCHEN is the surviving spouse of GREGORY MAURICE KITCHEN.

### A.
### CLAIMS UNDER 42 U.S.C. §1983 AND THE 14TH AMENDMENT TO THE U.S. CONSTITUTION

6.06    The Defendants, acting under color of law and acting pursuant to customs, practices and policies of Dallas County deprived  GREGORY MAURICE KITCHEN of rights and privileges secured to him by the Fourteenth Amendment to the United States Constitution and by other laws of the United States, by failing to provide proper medical treatment, through indifference to their medical and mental health needs and  through the use of excessive force in restraining him in violation of 42 U.S.C. § 1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

6.07    On information and belief, Defendant Dallas County, acting through official

policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of GREGORY MAURICE KITCHEN, and all other detainees in the Dallas County Jail failed to implement the policies, procedures; and practices necessary to provide constitutionally adequate medical and mental health treatment, medical services, and medication to GREGORY MAURICE KITCHEN during his incarceration in the Dallas County Jail and implemented policies, procedures, and practices which actually interfered with or prevented GREGORY MAURICE KITCHEN from receiving medical and mental health services and medication.

   6.08 These actions by the Defendant subjected GREGORY MAURICE KITCHEN to confinement with constitutionally inadequate medical services, medication and care, such as:

  a. evaluation and treatment for GREGORY MAURICE KITCHEN's mental health condition;

  b. the proper identification, reporting, and notice of the health status of GREGORY MAURICE KITCHEN as required by Texas jail standards;

  c. medical and mental health records that are accurate, complete, and transmitted to the proper health professionals in the Dallas County Jail; and

  d. confinement conditions that ensure safe, humane and decent conditions.

   6.09 The Defendants, as applicable, intentionally, and with deliberate indifference, deprived GREGORY MAURICE KITCHEN of his clearly established federal constitutional rights, including, but not limited to:

  a. GREGORY MAURICE KITCHEN's right to life;

  b. his right to reasonably safe conditions of confinement;

  c. his right to receive proper medical services and medications for his illness and any serious medical conditions;

  d. his right to be free from excessive force and cruel and unusual punishment; and

  e. his right to due process as a pretrial detainee.

  6.10 In addition, Defendant Dallas County, as applicable, failed and refused to implement customs, policies, practices or procedures, and failed to train its personnel adequately on the appropriate policies, practices or procedures regarding the medical and mental health evaluation and treatment inmates in the jail.  In so doing, Defendant Dallas County knew that it was acting against the clear dictates of current law, and knew that as a direct consequence of their deliberate decisions, the very situation that occurred -- *i.e.*, injury and death to prisoners -- in all reasonable probability would occur.

  6.11 Defendants, through these actions, proximately caused the deprivation of GREGORY MAURICE KITCHEN's rights to due process of law and right to be free from cruel or unusual punishment subjecting him to periods of pretrial incarceration under unduly painful, horrifying, and dangerous conditions resulting in the injuries and death of GREGORY MAURICE KITCHEN.  The actions of these Defendants were singularly, or in combination, a legal cause of injuries and damages to GREGORY MAURICE KITCHEN.

## VII.
## REQUESTED RELIEF

  7.01 Plaintiff re-alleges paragraphs 1.01 to 6.11, inclusive, with regard to all requests for relief.

## A.
## RELIEF REQUESTED BY PLAINTIFF

  7.02 Plaintiff is entitled to recover and hereby requests the award of the following damages within the jurisdictional limits of this court for his injuries:

  a. Physical and mental pain and suffering in the past and in the future;

  b. loss of the relationship with their husband and father

  c.  reasonable burial and funeral expenses

  d.  pain and suffering and mental anguish suffered by GREGORY MAURICE KITCHEN prior to his death; and

  e.  reasonable medical expenses.

7.03 Plaintiff is also entitled to recover and hereby requests the award of exemplary damages, reasonable attorneys' fees and costs of court.

7.04 Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required.

## VIII.
## JURY DEMAND

8.01 Plaintiff respectfully demands a trial by jury.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that defendant be cited to appear and answer herein and that, upon final hearing, Plaintiff has the following relief:

  a.  Recovery of damages consistent with the allegations of this complaint;

  b.  Recovery of reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

  c.  Recovery of costs herein expended;

  d.  Prejudgment interest and post-judgment interest as permitted by law; and

  e.  Such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

_____
Aubrey "Nick" Pittman
State Bar Number 16049750
**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court
Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

James D. Montgomery Sr. (*pro hac vice*)
James D. Montgomery Jr. (*pro hac vice*)
Marion V. Cruz ( *pro hac vice*)
COCHRAN, CHERRY, GIVENS, SMITH & MONTGOMERY, LLC
One North LaSalle Street
Suite 2450
Chicago, IL 60602
(312) 977-0200
(312) 977-0209 (fax)

ATTORNEYS FOR PLAINTIFF